## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

04 NOV 24  PM 2: 43

CLERK ALBUQUERQUE

**RENEE GALLEGOS on her own behalf; and**
**on behalf of her minor son ISACC GALLEGOS**

    **Plaintiffs**

**vs.**
                                       **CIV**

**THE CITY OF ALBUQUERQUE; and**
**ROB DEBUCK; and**
**JOE MARTINEZ; and**                **CIV – 0 4 – 1 3 2 7  JH  RLP**
**JOHN DOE 1; and**
**JOHN DOE 2.**

    **Defendants**

## NOTICE OF REMOVAL

       Pursuant to 28 U.S.C. § 1441(b) and 1446(a), Defendants City of Albuquerque, Rob DeBuck and Joe Martinez (the "City Defendants") give Notice of Removal to this Court of the civil action filed on October 15, 2004, in the Second Judicial District for the State of New Mexico, County of Bernalillo, Cause No. CV 2004-06636, by Plaintiff Renee Gallegos on her own behalf; and on behalf of her minor son Isacc Gallegos, and as grounds therefor state:

       1.      On October 15, 2004, Plaintiff Renee Gallegos filed a Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights in the Second Judicial District Court (the "Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

       2.      The Complaint was served on the City on October 26, 2004.

       3.      This Notice of Removal is timely filed within thirty days after receipt by the City.

       4.      Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico.

5.    The claims stated against the City in this case are subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1331 and 1343(a)(3) and (4) as follows:

a.    This Court has original jurisdiction because the Complaint is founded on a claim or right arising under the Constitution, treaties, or laws of the United States.

b.    An actual controversy exists because the Complaint alleges that the City Defendants deprived Plaintiff Renee Gallegos of her constitutional rights under 42 U.S.C. § 1983.

5.    This Court has federal question jurisdiction. The Plaintiff's right to bring an action for the violation of plaintiff's constitutional rights was created by federal law, specifically 42 U.S.C. § 1983. A federal question appears on the face of the Complaint. There is an actual controversy.

A copy of all process and pleadings that have been served upon the City is attached to this Notice of Removal.

Respectfully Submitted,

CITY OF ALBUQUERQUE
Robert M. White
City Attorney

Kathryn Levy
Attorney for Defendants City of Albuquerque,
Rob DeBuck and Joe Martinez
P. O. Box 2248
Albuquerque, New Mexico  87103
(505) 768-4500
(505) 768-4440 (facsimile)

2

I hereby certify that a true copy
of the foregoing was mailed
to the following counsel of record:

COYTE LAW P.C.
Matthew Coyte
Attorney for Plaintiffs
1000 Second St. NW
Albuquerque, NM  87102
(505) 242-3333

on this ____ day of November, 2004.

_____
Kathryn Levy

3

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

RENEE GALLEGOS on her own behalf; and
on behalf of her minor son ISACC GALLEGOS
Plaintiff,

v.

THE CITY OF ALBUQUERQUE; and
ROB DEBUCK; and
JOE MARTINEZ; and
JOHN DOE 1; and
JOHN DOE 2.
Defendants.



ENDORSED
FILED IN MY OFFICE THIS

OCT 1 5 2004

*Juanita M. Duran*
CLERK DISTRICT COURT

No. CV _____

CV- 2004 0 6 6 3 6

## COMPLAINT FOR THE RECOVERY OF DAMAGES CAUSED BY THE DEPRIVATION OF CIVIL RIGHTS

Plaintiff brings this complaint for damages caused by the violation of her civil and

constitutional rights. Plaintiff files this complaint under the federal Civil Rights Act, and

the Constitution of the United States. In support of this complaint, Plaintiff alleges the

following:

### JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in Bernalillo County and in New Mexico. All of

   the parties reside or do business in Bernalillo County, New Mexico and the acts

   complained of occurred exclusively within Bernalillo County, New Mexico.

### PARTIES

2. Plaintiff, Renee Gallegos, is an individual and resident of Bernalillo County, New

   Mexico. She is the mother and guardian of her three year old son Isacc.

**EXHIBIT**
A

3. Defendant, City of Albuquerque, is a municipality within the state of New Mexico.

4. Defendants DeBuck, Martinez, John Doe 1 and John Doe 2, are individuals employed by the Albuquerque Police Department, (APD), in Bernalillo County. New Mexico.

5. Defendants DeBuck, Martinez, John Doe 1 and John Doe 2, are sued in their individual capacities only. They were acting under color of state law and within the scope of their employment at all material times.

## FACTUAL BACKGROUND

6. Ernest Gallegos is a suspect in a recent Murder occurring in Albuquerque. He is currently a fugitive whose location is unknown.

7. Plaintiff Renee Gallegos is married to Ernest Gallegos.

8. Isacc Gallegos is three years old and is the son of Ernest and Renee Gallegos.

9. On August 25, 2004, the Albuquerque Police Department served a search warrant on Plaintiff's house.

10. During the execution of the warrant Defendants broke various doors and windows of Plaintiff's house.

11. The house sustained additional damage as a result of the search including. but not limited to, the destruction of two exterior motion activated security lights.

12. Defendant DeBuck is head of Albuquerque's Criminal Nuisance Abatement Unit.

13. DeBuck told the Albuquerque Tribune that his unit was targeting Plaintiff and her son with the housing code in an effort to "flush this guy out," (referring to Ernest Gallegos).

2

14. On August 26, 2004, Defendant Martinez came to plaintiff's house to look for potential housing code violations.

15. Martinez said a certified letter would be sent within two days letting Plaintiff know of any potential code violations.

16. No letter was sent.

17. On September 1, 2004, a notice of housing code violations was served on Plaintiff.

18. The notice demanded Plaintiff Renee, and her three year old son, move out of the house immediately.

19. Martinez told uniformed officers to arrest Plaintiff Renee if she did not comply with the order.

20. The notice alleged the property was "substandard due to life safety issues."

21. A list of these "life safety issues" included broken doors, windows and exposed wiring to two exterior light fixtures, all damage caused by APD while serving the warrant.

22. No credible life safety issues existed.

23. Plaintiff and her son were forced to move out of their house.

24. Martinez insisted any work done on the house required his permission including sweeping the broken glass.

25. Martinez insisted no work be done on the house during weekends.

26. An electrical contractor was denied access to the house for approximately five days.

27. Plaintiff Renee and her child were forced to live elsewhere for approximately fourteen days.

28. On September 14, 2004, Plaintiff moved back into the house after the APD damage had been repaired.

29. Within hours of their return, APD parked outside the house and demanded to speak to Plaintiff.

30. John Doe 1 said APD had received a crime-stopper's tip that Ernest Gallegos had been seen driving his truck and since the truck is at Plaintiff's house he would like permission to search for Gallegos.

31. Plaintiff Renee gave permission to search for Gallegos.

32. John Doe 1 took in excess of 45 minutes to look for Gallegos in a house of only modest proportions.

33. Plaintiff Renee was not allowed in the house during this warrantless search despite her repeated requests.

34. John Doe 1 searched cabinets, draws and closets. Even Plaintiff's underwear draw was not immune from a search for Mr. Gallegos.

35. On September 29, 2004, Plaintiff Renee received a telephone call from the Albuquerque Police Department ordering her and her son to leave their house with their hands on their heads.

36. Plaintiff complied with the order.

37. Upon opening the door, Plaintiff and her three year old son were subjected to armed officers pointing rifles and handguns at them.

38. They were ordered to walk with their hands on their heads away from their property.

39. Plaintiff Renee asked if they had a warrant.

40. John Doe 2 said he could get a warrant but if he had to, he would use excessive force while searching the house.

41. Plaintiff Renee understood this to mean John Doe 2 would break her windows and doors again.

42. Plaintiff Renee gave permission to search for Gallegos.

43. Once again Gallegos was not found.

## COUNT I: VIOLATION OF FOURTEENTH AMMENDMENT DUE PROCESS RIGHTS

44. Plaintiff restates each of the preceding allegations as if fully stated herein.

45. Plaintiff has a Fourteenth Amendment right to due process of law.

46. The City of Albuquerque's housing code requires reasonable notice to be given if residents are forced to vacate their home.

47. On September 1, 2004, Defendants ordered Plaintiff and her young child from their home immediately, without notice.

48. The order to vacate the property deprived Plaintiff and her son of a property right.

49. There was no life-threatening emergency requiring such a draconian order.

50. The order to immediately vacate the house deprived Plaintiff and her son of their right to pre-deprivation notice and hearing, and is contrary to commonly established principles of due process.

5

51. The action of the Defendants was intentional, willful and wanton, as they knew they were evicting Plaintiff without adequate notice.

52. The intent of the Defendants' action was to "flush out" a fugitive and is therefore an arbitrary and capricious use of police power.

53. Based on statements made by defendant DeBuck, the arbitrary and capricious decision to punish Plaintiff and her son was done pursuant and in conformity with the policy of the City of Albuquerque and contrary to the sated purpose of the housing code.

54. The Defendants' actions were deliberate, reckless and shocking to the conscience, such that their actions deprived Plaintiff and her son of their substantive right to due process.

55. Plaintiffs have suffered damages as a result of Defendant's actions including emotional distress and attorney fees to appeal the housing code order.

56. The City of Albuquerque is directly responsible to Plaintiffs under the doctrine of *respondeat superior* for the alleged acts of all individual defendants.

## COUNT II: RETALIATION FOR FIRST AND FOURTEENTH AMENDMENT FREEDOM OF ASSOCIATION AND FAMILIAL RELATIONSHIP

57. Plaintiff restates each of the preceding allegations as if fully stated herein.

58. Plaintiff has First and Fourteenth amendment rights to familial relationships and freedom of association.

59. Defendants sought to use the housing code solely on the basis Plaintiff was married to murder suspect Ernest Gallegos.

6

60. City officials were brazen enough to admit their motives to local media.

61. The property damage caused by APD on August 25, 2004, was unnecessary, excessive, and designed to harass Plaintiff and her son because of their relationship with Ernest Gallegos.

62. Later searches were also designed to harass Plaintiff and her son because of their relationship with Ernest Gallegos.

63. Plaintiff and her son were seized at gun point because of their relationship with Ernest Gallegos.

64. The action of the Defendants was intentional, willful and wanton, as they knew their actions were designed to harass the family of a murder suspect.

65. Plaintiff has suffered damages as a result of Defendants' actions including attorney's fees, emotional distress, and property damage.

66. The City of Albuquerque is directly responsible to Plaintiff under the doctrine of *respondeat superior* for the alleged acts of all individual defendants.

## COUNT III: AUGUST 25TH VIOLATION OF FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES

67. Plaintiff restates each of the preceding allegations as if fully stated herein.

68. Plaintiff and her son have a Fourth Amendment right to be free from unreasonable searches and seizures of their person and property.

69. On August 25, 2004, APD served a search warrant on Plaintiff's house.

7

70. Excessive force was used during the execution of the warrant causing un-
necessary damage to doors windows and electrical systems.

71. The action of the Defendants was intentional, willful and wanton, as they knew
there was no need to destroy property in their search.

72. Plaintiff and her son have suffered damages as a result of Defendants' actions
including attorney's fees, emotional distress, and property damage.

73. The City of Albuquerque is directly responsible to Plaintiff under the doctrine of
*respondeat superior* for the alleged acts of all individual defendants.

## COUNT IV: SEPTEMBER 14TH VIOLATION OF FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES

74. Plaintiff restates each of the preceding allegations as if fully stated herein.

75. Plaintiff and her son have a Fourth Amendment right to be free from unreasonable
searches and seizures of their person and property.

76. On September 14, 2004, Defendant John Doe 1 obtained permission to search
Plaintiff's home for Ernest Gallegos.

77. John Doe 1 exceeded the scope of this permission when he remained in the home
for 45 minutes and searched Plaintiff's underwear drawer and other personal
items.

78. The action of the Defendants was intentional, willful and wanton, as they knew
Ernest Gallegos would not be found in drawers or cabinets.

8

79. Plaintiff and her son have suffered damages as a result of Defendants' actions including attorney's fees and emotional distress.

80. The City of Albuquerque is directly responsible to Plaintiff under the doctrine of *respondeat superior* for the alleged acts of all individual defendants.

## COUNT V: SEPTEMBER 29TH VIOLATION OF FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES

81. Plaintiff restates each of the preceding allegations as if fully stated herein.

82. Plaintiff and her son have a Fourth Amendment right to be free from unreasonable searches and seizures of their person and property.

83. On September 29, 2004, Plaintiff and her son were seized by APD when they were ordered out of their home at gunpoint.

84. The following search of the home was performed without a warrant.

85. The action of the Defendants was intentional, willful and wanton, as they knew they required a warrant before seizing someone from their home.

86. Plaintiff and her son have suffered damages as a result of Defendants' actions including attorney's fees and emotional distress.

87. The City of Albuquerque is directly responsible to Plaintiff under the doctrine of *respondeat superior* for the alleged acts of all individual defendants.

## REQUEST FOR RELIEF

Wherefore, Plaintiff requests judgment as follows:

1. Compensatory damages in an as yet undetermined amount, jointly and severally against all Defendants, including damages for attorney's fees and emotional harm.

2. Punitive damages in an as yet undetermined amount severally against the individually named Defendants.

3. Reasonable costs and attorney's fees incurred in bringing this action.

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

COYTE LAW P.C.

MATTHEW COYTE
Attorney for Plaintiff
1000 Second St. NW
Albuquerque, NM 87102
(505) 244-3030 FAX (505) 244-1406

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO


RENEE GALLEGOS on her own behalf; and
on behalf of her minor son ISACC GALLEGOS,

     Plaintiffs,

vs.                                  CV 2004-06636

CITY OF ALBUQUERQUE; and
ROB DEBUCK; and
JOE MARTINEZ; and
JOHN DOE 1; and
JOHN DOE 2,

     Defendants.

## ENTRY OF APPEARANCE

     Deputy City Attorney Kathryn Levy hereby enters her appearance in the above-entitled

and numbered cause of action on behalf of the Defendants City of Albuquerque, Rob Debuck

and Joe Martinez.


                                       CITY OF ALBUQUERQUE
                                       Robert M. White
                                       City Attorney

                                       Kathryn Levy
                                       Attorney for Defendant City of Albuquerque, Rob
                                       Debuck and Joe Martinez
                                       P. O. Box 2248
                                       Albuquerque, New Mexico 87103
                                       (505) 768-4500
                                       (505) 768-4440 (facsimile)

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

04  OCT 26  PM 12: 17
ALBUQUE...  ...ITY CLERK

RENEE GALLEGOS, on her own behalf; and
on behalf of her minor son ISACC GALLEGOS

      Plaintiff,

vs.

No. CV  **CV- 2004 0 6 6 3 6**

CITY OF ALBUQUERQUE; and
ROB DEBUCK; and
JOE MARTINEZ; and
JOHN DOE 1; and
JOHN DOE 2.

      DefendantS.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:   City of Albuquerque
       c/o City Clerk
       One Civic Plaza
       Albuquerque, New Mexico 87102

Defendant(s), Greeting:

This summons notifies you that a Complaint has been filed against you.  You are required to file an Answer to the Complaint, or a responsive motion, within **THIRTY DAYS AFTER THE SUMMONS HAS BEEN SERVED ON YOU**.  You must file the Answer or responsive motion with the Clerk of the District Court and you must serve a copy of the Answer or responsive motion on the opposing party.

IF YOU DO NOT FILE AND SERVE AN ANSWER OR RESPONSIVE MOTION WITHIN THE THIRTY DAY PERIOD, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT.

Address of District Court: 400 Lomas NW, 87102

Name & address of Plaintiff's attorney:   Matthew Coyte
                                           Coyte Law, P.C.
                                           1000 Second Street NW
                                           Albuquerque, NM 87102
                                           (505) 244-3030   fax (505) 244-1406

WILLIAM F. LANG

WITNESS the Honorable _____, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this ___ day of OCT 1 5 2004 , 2004.

JUANITA M. DURAN

CLERK OF THE DISTRICT COURT

By: _____
Deputy

2

RETURN

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the_____day of _____ _____, 20_____, by delivering a copy thereof, with a copy of Complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

( )   To the Defendant _____ (used when Defendant receives copy of summons or refuses to receive summons)

( )   To _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, who at the time of such service was absent therefrom.

( )   By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode)

( )   To _____, an agent authorized to receive service of process for Defendant _____.

( )   To _____, (parent) (guardian) of Defendant _____ (used when Defendant is a minor or an incompetent person)

( )   To _____ (name of person), _____, (title of person authorized to receive service) (used when Defendant is corporation or association subject to a suit under common name, a land grant board of trustees, the State of New Mexico or any political subdivision)

FEES:                              _____
                                   Signature of Person Making Service

                                   _____
                                   Title (if any)

*SUBSCRIBED AND SWORN TO before me this ____ day of _____, 20_____.

_____     My commission expires:_____
Judge, Notary or Other Officer
Authorized to Administer Oath

*If service is made by a sheriff or deputy sheriff of a New Mexico County, the signature of the sheriff or deputy sheriff need not be notarized.

3



SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

RENEE GALLEGOS on her own behalf; and
on behalf of her minor son ISACC GALLEGOS
         Plaintiff,

    v.                                No. CV 2004-06636

THE CITY OF ALBUQUERQUE; and
ROB DEBUCK; and
JOE MARTINEZ; and
JOHN DOE 1; and
JOHN DOE 2.
         Defendants.

## COURT ANNEXED ARBITRATION CERTIFICATE

       Plaintiff, by and through counsel, Matthew Coyte COYTE LAW P.C., pursuant to

Second Judicial District Local Rules, Rule LR2-603, certifies as follows:

[✓]    This party seeks only a money judgment and the amount sought does not exceed

twenty-five thousand dollars ($25,000) exclusive of punitive damages, interest, costs, and

attorney fees.

( )    This party seeks relief other than a money judgment and/or seeks relief in excess

of twenty-five thousand dollars ($25,000) exclusive of punitive damages, interest, costs,

and attorney fees.

Respectfully submitted,

COYTE LAW P.C.

MATTHEW COYTE
Attorney for Plaintiff
1000 Second St. NW
Albuquerque, NM 87102
(505) 244-3030 FAX (505) 244-1406

I hereby certify I have mailed a true and correct copy of this certification to opposing

counsel of record on October 26, 2004.

Matthew Coyte

2